UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES JOSEPH JULUKE, JR., § <br> § <br> Plaintiff, § <br> v. § <br> § <br> SUNNYLAND PROPERTIES, LTD., § <br> a Texas Limited Partnership, and § <br> GATOR SPRING VALLEY PARTNERS, LLLP, § <br> a Florida Limited Partnership, § <br> § <br> Defendants § | Case No.: 3:21-CV-2900 |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Admiral Realty, Inc. ("Admiral") files this brief in support of its Motion to Dismiss Plaintiff's Complaint as follows:

**ARGUMENT**

Plaintiff's Complaint does little more than allege he once went to the shopping centers that are the subject of this lawsuit and saw what he thinks are architectural barriers that violate Title III of the Americans with Disabilities Act. He does not plausibly allege he suffered a concrete injury or might suffer some such injury in the future, and he does not plausibly allege an ADA violation because he offers only the legal conclusion that it is readily achievable to remove the supposed architectural barriers. His Complaint should be dismissed pursuant to Rules 12(b)(1) for failure to allege subject matter jurisdiction and 12(b)(6) for failure to state a claim on which relief may be granted.

I.   **The legal standards that govern this Motion.**

   A.   **The standard for a Motion to Dismiss under Rule 12(b)(1).**

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction,"[1] and "[a]t the pleading stage, her 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021).[2] Because standing is fundamental to subject matter jurisdiction under Article III of the Constitution this plausible set of facts must include an allegation the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" *Laufer,* 996 F.3d at 272.[3] Thus, to plead an injury in fact requires pleading the "concrete interest" of the plaintiff that was affected.

   For claims brought under the ADA, proving a past injury is not enough. In addition the plaintiff must plead a plausible intent to return to the defendant property because Title III of the ADA provides only for injunctive relief. *Deutsch,* supra 882 F.3d at 173.[4] Without the imminent danger of future injury the plaintiff does not have standing to seek injunctive relief and the claim must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability

---

[1] See, also, *Blaylock v. United States,* 2022 WL 79876, at *1 (N.D. Tex. Jan. 7, 2022).
[2] Quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012), respectively.
[3] Quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).
[4] See also, *Strojnik v. Teof Hotel GP, LLC*, 2020 WL 5211063, at *2 (N.D. Tex. Aug. 31, 2020)

requirement [of Article III] only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).[5] The threatened injury must also be an injury in fact and there must be a "substantial risk" the injury will occur. *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). An allegation of a past wrong is not sufficient to allege an imminent future wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).[6] Because an injury in fact must be "concrete" this requires a substantial risk that the plaintiff will in the future suffer the same kind of harm that satisfies the Article III injury requirement for past injury.

**B.    The standard for a Motion to Dismiss under Rule 12(b)(6).**

The standard for deciding a Rule 12(b)(6) Motion was described by this Court in *Heerwagen v. Enlink Midstream, LLC,* 2020 WL 836873, at *2 (N.D. Tex. Feb. 20, 2020). For the sake of brevity it is not repeated here.

**C.    The standard for plausibly pleading a claim of any kind.**

Rule 8 of the Federal Rules of Civil Procedure requires that an allegation be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and have sufficient specificity "to raise a right to relief above the speculative level," *id.* at 555, 127 S.Ct. 1955. The Fifth Circuit has repeatedly held that this requires ADA plaintiffs to allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235–36 (5th Cir. 2011) (en banc).

---

[5] And see, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018).
[6] Quoted in *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021)

**II.    Plaintiff has failed to plausibly allege the kind of concrete injury required to allege standing to sue or to seek injunctive relief under the ADA.**

Mr. Juluke alleges that he visited the "Property" at issue at least once in October of 2021. He suggests that he might return in the future as a "patron"[7] but otherwise never explains why he visited the Property beyond a vague desire to "utilize the goods and services offered at the Property." He claims that the Property is a "large retail shopping plaza with numerous stores"[8] but never says which store offered the goods and services he supposedly wanted. He admits that what he calls the "Property" is two different properties with different street addresses and different owners[9] but doesn't provide any clue as to why he wanted to visit either one of them. He mentions by name a pizzeria, a pet grooming salon, a cell phone store, a laundromat and the Sunnyland store, but does not allege any reason why on some date in October 2021 he was at the Property in the first place. Was he hungry? Did he bring his dog or dirty laundry? Did he need a new phone or some outdoor furniture? He does not say. He says where he found architectural barriers, but except for the inference that the entrance to Sunnyland Outdoor Living is part of the property owned by Sunnyland[10] there is no way to know which Defendant owned or controlled the property on which Mr. Juluke believes he saw architectural barriers. His allegations are merely the words of the statute chopped up and rearranged to resemble facts.[11]

---

[7] Paragraph 17.
[8] Paragraph 10.
[9] Paragraphs 6 and 7
[10] Paragraph 14(C)
[11] 42 U.S.C. §12182 provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Except for naming a few stores none of Mr. Juluke's allegations contain any facts more specific than the words and phrases found in this section of the ADA.

Allegations of this kind that merely quote the statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Mr. Juluke has not provided any facts that would make his claim to have been injured by some barrier to access plausible and has therefore failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury.[12]

### III. Plaintiff cannot evade the requirement of pleading a concrete injury by claiming to be a "tester."

With the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271–72 (5th Cir. 2021) standing based on a tester's interest in enforcing the ADA for the public good is a thing of the past. In *Laufer* the plaintiff was, like Mr. Juluke, an ADA tester. Ms. Laufer claimed she was a tester who visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." 996 F.3d at 272 (5th Cir. 2021). In her work as a "tester" Laufer visited hotel websites to find out whether they included information about accessibility required by ADA regulations. 996 F.3d at 271. She did not, however, make any reservations at the hotel or have any clear intent to do so in the future. *Id.* The Fifth Circuit found that because she was looking for information that she did not need or intend to use, she had not suffered the kind of concrete injury required by Article III.

> Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still "would need to allege at least that the information had 'some relevance' to her.". . . Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so.

---

[12] In addition, his new allegation that he "patronized but was unable to gain access" to the Sack & Save contains a contradiction. If he could not gain access to the store he could not patronize it so this new allegation cannot be true.

996 F.3d at 273 (internal citations omitted). Calling herself a tester could not make up for the lack of a personal interest: "Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes." 996 F.3d at 273. Mr. Juluke, like Ms. Laufer, claims to be a tester.[13] That claim cannot make up for the failure of his Complaint to allege a plausible concrete injury.

IV. **Mr. Juluke has not alleged an imminent future injury that would support injunctive relief.**

As noted above, for cases brought under Title III of the ADA a plaintiff must show an imminent future injury that will be avoided if injunctive relief is granted because injunctive relief is the only relief available to a Title III plaintiff. This requires both that the anticipated injury be an injury in fact and that it be imminent:

> That threatened future injury "must be an injury in fact." . . . That means, as relevant here, that the injury must be " 'imminent' ... 'to ensure that the alleged injury is not too speculative for Article III purposes.'". . . "For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur."

*Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). In an ADA case this requires a description of "concrete plans" to return. "Mere 'some day' intentions, 'without any description of concrete plans,' does not support standing." *Strojnik v. 1530 Main LP*, 2021 WL 615222, at *2 (N.D. Tex. Feb. 17, 2021) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 235 (5th Cir. 2011) "A vague allegation of an intent to return to the place of injury "some day" is insufficient." *Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019).[14][15]

---

[13] See, Complaint at ¶17.
[14] Quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ["Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require"]
[15] Report and recommendation adopted sub nom. *Strojnik v. Landry's*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020)

Mr. Juluke's Complaint offers nothing but "some-day" plans. He says he will return "in the near future"[16] perhaps as a tester[17] and that he would visit "more often"[18] but that he is afraid to return.[19] Nowhere does he allege a concrete plan to return and, more important, nowhere does he allege any reason, other than being a tester, that he might want to return. He doesn't say where he wants to shop or what he wants to buy. These "someday intentions" are not sufficient to plead an imminent future injury. See, *Strojnik v. Teof Hotel GP*, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020).

**V.     Mr. Juluke has not plausibly alleged that it is readily achievable to remove the barriers to access he claims to have encountered.**

Mr. Juluke's only allegation about the cost and difficulty of removing the barriers to access merely paraphrases the statute. Mr. Juluke alleges:

> Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.[20]

The ADA defines "readily achievable" as follows:

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.

Once again, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff in an ADA case has the burden of pleading and proving that removal of barriers to access is readily achievable. For example, in *Persyn v. Torres*, 2011 WL 1549203, at *3 (W.D. Tex. Apr. 22, 2011) the plaintiff alleged that a concrete step was a barrier to access and that an aluminum ramp would

---

[16] Paragraph 11.
[17] Paragraph 17.
[18] Paragraph 19.
[19] Paragraph 13.
[20] Paragraph 18.

eliminate it. The Court found the pleading was inadequate because "it does not state how a portable ramp would achieve ADA compliance without much difficulty or expense." *Id.* at *3.[21] In the absence of specific allegations concerning why removal of the alleged barriers to access is readily achievable the Complaint fails to state a claim on which relief may be granted.

## CONCLUSION AND PRAYER

*Laufer's* holding that "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation'"[22] anticipated by a few months the Supreme Court's confirmation of that rule in *Transunion LLC v. Ramirez,* 141 S.Ct. 2190 (2021). *Ramirez* was a class action on behalf of victims of violations of the Fair Credit Reporting Act. The victims fell into two categories; those who had incorrect information stored in the defendant's computers and those whose incorrect information was not only stored, but also disseminated to third parties. 141 S.Ct. at 2202. The Court found that only the latter group had suffered the kind of concrete injury required for Article III standing. 141 S.Ct. at 2208. The former group had not suffered any Article III injury despite the fact the statute had been violated. and even though Congress granted all the plaintiffs a cause of action, Article III was not satisfied for those whose information was not disseminated because "the public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that

---

[21] This question has been extensively considered in District Courts in Florida and California. There is some contrary authority in Florida, but more recent cases all seem to hold that a conclusory allegation that barrier removal is readily achievable is not sufficient to state a claim. See, *Kennedy v. U and V Food Corp.*, 2019 WL 343201, at *5 (M.D. Fla. Jan. 10, 2019), report and recommendation adopted, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) and *McNeil v. Chereddy,* 2021 WL 2955860, at *5 (M.D. Fla. Apr. 8, 2021). The same is true in California; see, *Kee Sook Ahn v. Dale Harris, as Tr. of the Dale and Lynne Harris 2001 Revocable Tr. Dated October 8, 2001 et al.*, 2021 WL 6102507, at *3 (C.D. Cal. Nov. 24, 2021).
[22] *Laufer* 996 F.3d at 272, quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." 141 S.Ct. at 2206.

Mr. Juluke has not plausibly alleged that he has suffered the "distinctive concrete harm" required by *Transunion* and *Laufer*. He has also failed to allege an imminent future injury that would give him standing to seek injunctive relief, a necessity in a Title III ADA lawsuit, and failed to allege facts sufficient to show that removal of the alleged architectural barriers is readily achievable. He has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

Signed on January 10, 2022.

_____
Richard M. Hunt
Texas State Bar No. 10288700
rhunt@hunthuey.com

HUNT HUEY PLLC
3333 Lee Parkway, Suite 600
Dallas, Texas  75219
Telephone:  (214) 641-9182
Facsimile:  (214) 279-6124

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record through the Court's ECF system as required by Rule 5 of the Federal Rules of Civil Procedure on January 10, 2022.

_____
Richard M. Hunt