**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES JOSEPH JULUKE, JR.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 3:21-cv-02900-E** |
| | § | |
| **SUNNYLAND PROPERTIES** | § | |
| **LTD, and GATOR SPRING** | § | |
| **VALLEY PARTNERS LLLP,** | § | |
| **Defendants.** | | |

**<u>DEFENDANT GATOR SPRING VALLEY PARTNERS LLLP'S</u>**
**<u>MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6)</u>**

Dated:        January 12, 2022        Respectfully submitted,

WILSON, CRIBBS & GOREN, P.C.

By: ____*/s/ Scot Clinton*_____
        Scot Clinton
        Attorney-in-Charge
        Texas Bar No. 24045667
2500 Fannin Street
Houston, Texas 77002
Telephone: (713) 222-9000
Facsimile: (713) 229-8824
Email: sclinton@wcglaw.com

ATTORNEYS FOR DEFENDANT
GATOR SPRING VALLEY
PARTNERS LLLP

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, a true and correct copy of this instrument was filed on the CM/ECF system and served to all counsel of record via electronic notices, facsimile, and/or U.S. Postal Mail in compliance with the Federal Rules of Civil Procedure.

Louis I Mussman
Ku & Mussman PA
18501 Pines Boulevard Ste 209-A
Pembroke Pines, FL 33029
Fax: 954-686-3976
Email: louis@kumussman.com
*Attorney for Plaintiff Juluke*

Gerald J Smith, Sr
Law Office of GJ Smith Sr PLLC
3901 Arlington Highlands Blvd
Ste 200
Arlington, TX 76018
Fax: 817-635-3104
Email: attorney@gjsmithlaw.com
*Attorney for Plaintiff Juluke*

Richard M. Hunt
Hunt Huey PLLC
333 Lee Parkway, Suite 600
Dallas, Texas 75219
Email: rhunt@hunthuey.com
*Attorneys for Defendant Sunnyland*

　　　*/s/ Scot Clinton*　　
Scot Clinton

## TABLE OF CONTENTS

Nature and Stage of Proceedings....................................................................................1

Factual Background.........................................................................................................2

Rule 12(b)(1) Motion to Dismiss.....................................................................................5

    A.  Plaintiff's claims should be dismissed because the Court has no
        subject-matter jurisdiction because Plaintiff has not established
        standing.........................................................................................................5

Rule 12(b)(6) Motion to Dismiss.....................................................................................12

    A.  Plaintiff fails to allege sufficient facts to state a claim upon which
        relief can be granted.....................................................................................12

Prayer...............................................................................................................................15

# INDEX OF AUTHORITIES

## Cases

*Access 4 All, Inc. v. Boardwalk Regency Corp.*
2010 WL 4860565, *4 (D. N.J. Nov. 23, 2010)............................................10

*Access 4 All, Inc. v. Wintergreen Commercial Partnership, Ltd.*
2005 WL 2989307 (N.D. Tex. Nov. 7, 2005)......................................6, 10, 11

*Armstrong v. Turner Indus., Ind.*
141 F.3d 554, 563 (5th Cir. 1998)....................................................................7

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)....................................................13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007).........................................................................................13

*Betancourt v. Federated Dept. Stores*
732 F. Supp. 2d 693, 707-08 (W.D. Tex. 2010)..........................................6

*Brother v. Tiger Partner, LLC*
331 F. Supp. 2d 1368 (M.D. Fla. 2004)..................................................3, 5, 10

*City of Los Angeles v. Lyons*
461 U.S. 95, 102 (1983)....................................................................................11

*Delil v. El Torito Restaurants, Inc.*
1997 WL 714866, at *4 (N.D. Cal. June 24, 1997)......................................10

*Deutsch v. Travis County Shoe Hospital, Inc.*
721 F. App'x 336, 339 (5th Cir. 2018)...................................................8, 9, 11

*Hardt v. Lamplighter Sch.*
2021 WL 4803638, at *4 (N.D. Tex. Oct. 14, 2021)......................................5

*Harris v. Stonecrest Care Auto Center, LLC*
472 F. Supp. 2d 1208, 1219-20 (S.D. Cal. 2007)..........................................6

*Harty v. 42 Hotel Raleigh, LLC*
2011 WL 1252877 (E.D. N.C. March 30, 2011)..............................................4

*Hunter v. Branch Banking & Tr. Co.*

2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013)........................................4

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*
920 F.3d 890, 900 (5th Cir. 2019)..................................................13

*Inclusive Communities Project v. Lincoln Prop. Co.*
2020 WL 1325844 (U.S. Mar. 23, 2020).........................................13

*Johnson v. Moore*
958 F.2d 92, 94 (5th Cir. 1992).......................................................5

*Kelly v. Boeing Petroleum Services, Inc.*
61 F.3d 350, 366 (5th Cir. 1995)......................................................8

*Laufer v. Mann Hosp., L.L.C.*
996 F.3d 269, 271-72 (5th Cir. 2021)..............................................7

*Lujan v. Defenders of Wildlife*
504 U.S. 555, 560, 112 S.Ct. 2130 (1992)......................................12

*Molski v. Kahn Winery*
405 F. Supp. 2d 1160 (C.D. Cal. 2005)............................................4

*Molski v. Mandarin Touch Restaurant*
347 F. Supp. 2d 860, 863 (C.D. Cal. 2004)......................................4

*Norkunas v. Park Road Shopping Center, Inc.*
777 F. Supp. 2d 998, 1005 (W.D. N.C. April 14, 2011)...................6

*Norkunas v. Wynn Resort Holdings*
No. 2:07-cv-00096, 2007 WL 2949569 (D. Nev. Oct. 10, 2007)...........4

*Plumley v. Landmark Chevrolet, Inc.*
122 F.3d 308, 312(5th Cir. 1997)....................................................8

*Renne v. Geary*
501 U.S. 312, 316 (1991)................................................................5

*Rodriguez v. Investco, L.L.C.*
305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004)................................4

*Spokeo, Inc. v. Robins*
136 U.S. 1540, 136 S.Ct. 1540, 1547 (2016)...................................8

*SR Partners Hulen, LLC v. JP Morgan Chase Bank, National Association*
    2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011).......................................5

*Steel Co. v. Citizens for a Better Env't*
    523 U.S. 83, 103, 118 S.Ct. 1003 (1998).........................................................8

*Strojnik v. 1530 Main LP*
    2020 WL 981031, at *3 (N.D. Tex. Feb. 28, 2020).......................................6

*Strojnik v. Landry's Inc.*
    2019 WL 7461681, at *6 (S.D. Tex. Dec. 9, 2019)........................................12

*Strojnik v. Landry's*
    2020 WL 42454 (S.D. Tex. Jan. 2, 2020) ......................................................12

*United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*
    336 F.3d 375, 379 (5th Cir. 2003) .................................................................13

*Van Winkle v. Houcon Partners, L.P.*
    2018 WL 3543908 at *6 (S.D. Tex. July 3, 2018).........................................6

*Warth v. Seldin*
    422 U.S. 490, 518, 95 S.Ct. 2197 (1975)........................................................8

*White v. Friendswood Cap. Corp.*
    2020 WL 6150990, at *3 (S.D. Tex. Oct. 20, 2020) ....................................6

*Xerox Corp. v. Genmoora Corp.*
    888 F.2d 345, 350 (5th Cir. 1989).................................................................5

## Statutes

42 U.S.C. §§ 12181...........................................................................................1

42 U.S.C. § 12188............................................................................................8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES JOSEPH JULUKE, JR.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 3:21-cv-02900-E** |
| | § | |
| **SUNNYLAND PROPERTIES** | § | |
| **LTD, and GATOR SPRING** | § | |
| **VALLEY PARTNERS LLLP,** | § | |
| **Defendants.** | | |

## DEFENDANT GATOR SPRING VALLEY PARTNERS LLLP'S MOTION TO DISMISS UNDER RULE 12(B)(1) AND RULE 12(B)(6)

TO THE HONORABLE JUDGE BROWN:

Defendant Gator Spring Valley Partners LLLP ("Defendant" or "Gator") seeks dismissal of all claims against it under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support, Defendant would show the following.

## NATURE AND STAGE OF PROCEEDINGS, AND SUMMARY OF ARGUMENT

Plaintiff James Joseph Juluke, Jr. ("Plaintiff" or "Juluke") filed his Complaint on November 18, 2021. Plaintiff complains that Defendants Gator Spring Valley Partners LLLP and Sunnyland Properties Ltd. have violated Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq. (ADA) and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines (ADAAG) because of certain alleged barriers to access such as curb ramps, sidewalk routes, and parking spaces.

1

Plaintiff's Complaint seeks injunctive relief, declaratory relief, and attorney's fees.

Defendant Gator seeks dismissal of the claims asserted against it by Plaintiff.

The Court does not have subject-matter jurisdiction over this case because Plaintiff has not established Article III standing under the intent-to-return theory or the deterrent-effect doctrine, and has failed to allege an injury in fact that is fairly traceable to Gator or that he might suffer such an injury in the future. Plaintiff's apparent tester status and vague desire to return in the future are insufficient to establish standing. Also, Plaintiff fails to state a claim upon which relief can be granted because his allegations are vague and conclusory, and he has not shown with any specificity how the removal of alleged barriers to access is readily achievable by Gator. The Court should dismiss Plaintiff's Complaint under Rules 12(b)(1) and (12(b)(6).

## FACTUAL BACKGROUND

Plaintiff James Joseph Juluke, Jr. has filed approximately 42 lawsuits in the Northern District of Texas, alleging nearly identical Title III ADA claims against businesses in Dallas, Texas, based on a search of court records. Further, Plaintiff has filed an additional 12 such lawsuits in the Eastern District of Texas.

Plaintiff is in this respect a serial-filer and apparent "tester" plaintiff. In general, Plaintiff's formula appears to be to claim that he traveled to a defendant's place of business, encountered architectural barriers there such as parking spaces

and access ramps, and that he intends to return at an unstated and undetermined time in the future.

In this case, Plaintiff's Complaint seeks injunctive relief, declaratory relief, and attorney's fees. (*Doc. 1 Complaint at ¶20; Prayer*).

Notably, however, Plaintiff's Complaint is silent as to the address of his residence, and lacks any specificity as to an actual injury-in-fact or intent to return. Further, the alleged ADA violations that Plaintiff complains of here are nondescript and appear to be very similar to other Complaints he previously filed in the U.S. Northern District-Dallas Division. In this case, Plaintiff alleges that he visited the Spring Valley Crossing Shopping Center located at 14221 Coit Road, Dallas, Texas 75254, including and references buildings where Cici's Pizza, Pet Grooming, Metro PCS, Wash & Dry, and Sunnyland Outdoor Living are located.

Plaintiff does not identify businesses he actually visited, if any, but alleges that they are not accessible to disabled individuals because, for example, they have inaccessible sidewalk routes and entrances. (*Doc. 1 Complaint at ¶14*).

Plaintiff did not notify Gator of the alleged ADA violations at the subject property prior to filing the instant suit. In fact, the ADA's statutory scheme disincentivizes such notice, because attorneys may not collect fees from pre-suit settlements. Other courts have previously recognized the system for adjudicating disputes under the ADA as one where "the means for enforcing the ADA (attorney's fees) have become more important and more desirable than the end (accessibility for disabled individuals)." *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368,

3

1375 (M.D. Fla. 2004). *See also, Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004) (describing the "cottage industry" of alleging ADA violations against as many businesses as possible); *Rodriguez v. Investco, L.L.C.*, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004) (describing plaintiff as "merely a professional pawn in an ongoing scheme to bilk attorney's fees" from the defendant). Because the potential for ADA abuse is significant, ensuring that the standing requirements are met by each plaintiff in each lawsuit brought under the ADA ensures that courts address these issues, and avoid the prospect of abuse.

Courts may consider an ADA plaintiff's litigation history when considering whether a plaintiff has standing. *See e.g., Harty v. 42 Hotel Raleigh, LLC*, No. 5:10-CV-60; 2011 WL 1252877 at *3 (E.D. N.C. March 30, 2011). This is so because a plaintiff's litigation history may undercut her attempt to prove an intent to return, and cuts against the likelihood of any future injury. *Hunter v. Branch Banking & Tr. Co.*, No. 3:12-CV-2437-D, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013), citing *Norkunas v. Wynn Resort Holdings*, No. 2:07-cv-00096, 2007 WL 2949569 (D. Nev. Oct. 10, 2007) ("litigation history can undercut the sincerity of his or her expressed intent to return") *see also Molski v. Kahn Winery*, 405 F. Supp. 2d 1160 (C.D. Cal. 2005) (dismissing complaint for lack of standing, finding the plaintiff's litigation history relevant to the decision); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374-75 (M.D. Fla. 2004) (holding that "in view of his extensive litigation history, [plaintiff's] professed intent to return to the property is insufficient").

4

Here, Plaintiff's extensive litigation history compels close scrutiny of this Complaint. Moreover, the hazy and conclusory language in the Complaint reinforces the conclusion that Plaintiff has no concrete, non-hypothetical desire to revisit the subject property in the future.

## RULE 12(b)(1) MOTION TO DISMISS

### A.   *Plaintiff's claims should be dismissed because the Court has no subject-matter jurisdiction because Plaintiff has no standing.*

The Complaint should be dismissed because Plaintiff has not established standing to bring these claims.

"Standing is a required element of subject matter jurisdiction and is therefore properly challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JP Morgan Chase Bank, National Association*, No.  3:10-CV-437-B, 2011 WL  2923971, at *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir.  1989); *see also Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (recognizing standing is also required to obtain injunctive relief). A party seeking to invoke subject-matter jurisdiction bears the burden of demonstrating its existence. *Renne v. Geary*, 501 U.S. 312, 316 (1991) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and exercise the court's remedial powers.") (internal quotations omitted)).

In general, courts have developed two analytical frameworks for determining whether an ADA plaintiff has standing to seek injunctive relief: (1) the

intent-to-return theory and (2) the deterrent-effect doctrine. *See, e.g., Hardt v. Lamplighter Sch.*, No. 3:21-CV-00780-K, 2021 WL 4803638, at \*4 (N.D. Tex. Oct. 14, 2021) (granting defendant's motion to dismiss); *White v. Friendswood Cap. Corp.*, No. CV H-20-0496, 2020 WL 6150990, at \*3 (S.D. Tex. Oct. 20, 2020) (granting defendant's motion to dismiss); *Van Winkle v. Houcon Partners, L.P.*, 2018 WL 3543908, at \*6 (S.D. Tex. July 3, 2018) ("The intent-to-return approach and the deterrent-effect approach are two alternative methods of establishing an imminent threat of harm.") (internal citations omitted).

Both approaches have been used by district courts within the Fifth Circuit. See, e.g., *Strojnik v. 1530 Main LP*, No. 3:19-CV-01326-E, 2020 WL 981031, at \*3 (N.D. Tex. Feb. 28, 2020) (granting defendant's motion to dismiss); *Access 4 All, Inc. v. Wintergreen Commercial Partnership, Ltd.*, 2005 WL 2989307, at \*4 (N.D. Tex. Nov. 7, 2005) (relying on intent to return); *Betancourt v. Federated Dept. Stores*, 732 F. Supp. 2d 693, 707-08 (W.D. Tex. 2010) (relying on deterrent effect).

Considering Plaintiff's claims together with his virtually identical claims in his approximately 55 other lawsuits, it appears that he is a "tester" who seeks to use that status to satisfy the standing requirements. *See Norkunas v. Park Road Shopping Center, Inc.*, 777 F. Supp. 2d 998, 1005 (W.D. N.C. April 14, 2011); *see also, Harris v. Stonecrest Care Auto Center*, LLC, 472 F. Supp. 2d 1208, 1219-20 (S.D. Cal. 2007) (When Title III litigation "is the only reason for a plaintiff's visit to a particular local establishment, once litigation is complete it is unlikely such a plaintiff will return to avail himself of the business' goods or services, or to visit the

local business for any other reason"). Plaintiff suggests as much in his Complaint. (*Doc. 1 Complaint ¶17*). The Fifth Circuit has rejected "tester" status as a basis for standing in other contexts. *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271-72 (5th Cir. 2021) (ADA tester visiting hotel websites lacked standing; dismissal affirmed); s*ee Armstrong v. Turner Indus., Ind.*, 141 F.3d 554, 563 (5th Cir. 1998) (plaintiff's employment discrimination claim under ADA Title I; job applicant's allegation of one past statutory violation, with no assertion of likelihood that he would be subjected to a similar violation in the future, was analogous to a tester and did not establish standing to seek an injunction; summary judgment for defendant affirmed).

In this case, Plaintiff does not allege that he has been a customer of Cici's Pizza, Pet Grooming, Metro PCS, Wash & Dry, or Sunnyland Outdoor Living, or that he traveled to the subject property previously, other than on his apparent single visit to the subject property sometime in October of 2021. There is no allegation that Plaintiff ever requested any services or other accommodations from Cici's Pizza, Pet Grooming, Metro PCS, Wash & Dry, or Sunnyland Outdoor Living and was denied them. There is no allegation which would even plausibly connect his apparent one-time experience in the parking area and sidewalk routes to any underlying discriminatory motive or plan on the part of Gator.

Unless discrimination has a determinative influence on a defendant's decisions making process, there is no causation, and therefore no claim, under the ADA. "Unknowing, negligent, or benign handicap discrimination that produces a

7

failure to make a reasonable accommodation is insufficient." *Kelly v. Boeing Petroleum Services, Inc.*, 61 F.3d 350, 366 (5th Cir. 1995).

 To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Deutsch v. Travis County Shoe Hospital, Inc.*, 721 F. App'x 336, 339 (5th Cir. 2018); citing *Spokeo, Inc. v. Robins*, 136 U.S. 1540, 136 S.Ct. 1540, 1547 (2016), as revised (May 24, 2016). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.* quoting *Spokeo*. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id.* quoting *Spokeo* (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197 (1975).

The injury in fact element is the "'[f]irst and foremost' of standing's three elements." *Id.* quoting *Spokeo* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003 (1998). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* quoting *Spokeo* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)).

Title III of the ADA limits a plaintiff "to injunctive relief, and a restraining or other similar order." *Id.* citing *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (citing 42 U.S.C. § 12188). Standing for injunctive relief

requires "a threat of present or future harm" to the plaintiff. *Id*. (citation omitted). Even if the plaintiff has previously encountered illegal conduct, there is no current case or controversy to support an injunction if there are no "continuing, present adverse effects." *Id*. citing *Lujan*, 504 U.S. at 564, 112 S.Ct. 2130 (citations omitted).

Mere "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury." *Id*. citing *Lujan*.

In *Deutsch v. Travis County Shoe Hospital*, the district court found that Deutsch had no concrete plans to patronize Travis County Shoe in the future. The district court further found that in many of the instances where Deutsch sued a company for ADA violations, "the most interaction Deutsch has ever had with the defendant was to look at the business's parking lot from his car." Deutsch had not provided a description of any concrete plans to return to Travis County Shoe, and he had not shown how the alleged ADA violations negatively affect his day-to-day life. Accordingly, the district court held that Deutsch had failed to demonstrate that his alleged injury in fact was actual or imminent.

The Fifth Circuit agreed, and held that Deutsch had failed to show he faced "any real or immediate threat that [he] will be wronged again"—a threat that is "actual or imminent, not 'conjectural' or 'hypothetical.'" and found that the district court properly dismissed Deutsch's ADA claims for lack of standing.

"An ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot "manufacture standing" by simply claiming that he intends to return to the defendant's establishment." *Access 4 All, Inc. v. Boardwalk Regency Corp.*, No. 08-3817,2010 WL 4860565, *4 (D. N.J. Nov. 23, 2010). "When analyzing this likelihood of return, courts have examined such factors as: (1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Access 4 All, Inc. v. Wintergreen Commercial Partnership, Ltd.*, No. 3:05-CV-1307-G, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005). Furthermore, because Plaintiff is seeking injunctive relief, "past exposure to illegal conduct does not itself present a case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effect." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Regarding the first factor – proximity – Plaintiff's Complaint is silent as to the address of his residence, so as to determine proximity to the subject property. (*Doc. 1 Complaint ¶3)*. The distance between Plaintiff's residence, wherever it may be, and the subject property is relevant. *See, e.g., Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373–74 (M.D. Fla. 2004) (holding plaintiff did not have standing under the ADA when he lived 280 miles away from defendant's property, only traveled to the area once or twice a year, and lacked any "continuing connection" to the property and had not attempted to return); *Delil v. El Torito*

*Restaurants, Inc.*, C-94-3900-CAL, 1997 WL 714866, at *4 (N.D. Cal. June 24, 1997) (the distance between plaintiff and defendant—over 100 miles—was one factor that supported the court's finding of no standing). Based on Plaintiff's omission of this relevant information, this factor weighs against standing.

As to the second factor, past patronage, Plaintiff has failed to identify a particular date that he "visited" the subject property - he asserts only that he last visited it in October 2021. (*Doc. 1 Complaint ¶11*). Beyond this, Plaintiff does not specifically allege that he visited the property prior to the visit that apparently led to the instant suit. As in *Deutsch*, it appears that the most interaction Plaintiff has ever had with the subject property was to observe and encounter the curb ramps, sidewalk routes, and other features outside of the businesses he identified, without any more specificity. (*Doc. 1 Complaint ¶14*). This one alleged past visit alone does not confer Article III standing. *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief…if unaccompanied by  continuing, present  adverse effect."); *Wintergreen Commercial Partnership, Ltd.*, 2005 WL  2989307, at *8 (alleged  past  injury—suffered  during  a  single  visit  to  defendant's  establishment—alone  is  not sufficient  for Article III standing). Thus, this factor weighs against standing.

Regarding the third factor, Plaintiff's vague and ambiguous "intent to return" is insufficient to establish Article III standing. *(Doc. 1 Complaint ¶13)*. As the U.S. Supreme Court has recognized, "profession of an intent to return to the places they had visited before [without any concrete plans] is simply not enough."

*Lujan*, 504 U.S. at 564 (internal quotations omitted). Here, Plaintiff has failed to identify a date or date range, if any, when he will visit the subject property, the frequency if any with which he intends to visit the subject property, or why he would visit the subject property (e.g., Plaintiff does not allege that he intends to return as a customer if accommodations are made). As such, Plaintiff wholly fails to demonstrate any "concrete plans" to return. This factor too weighs against standing.

Lastly, Plaintiff's Complaint lacks any assertion that he frequently travels to or near the subject property. Plaintiff's alleged travel to the subject property on one occasion in October 2021, with a vague "desire" to return - does not establish a pattern of frequency.  (*Doc. 1 Complaint ¶13*). Thus, the Complaint also fails to satisfy the fourth factor.

For all these reasons, Rule 12(b)(1) dismissal of Plaintiff's claims is appropriate because he has not demonstrated Article III standing.

## RULE 12(b)(6) MOTION TO DISMISS

### A. *Plaintiff fails to allege sufficient facts to state a claim upon which relief can be granted.*

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *6 (S.D. Tex. Dec. 9, 2019) (ADA claim determined to be subject to dismissal), report and recommendation adopted sub nom. *Strojnik v. Landry's*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020) (granting

motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6)); Fed. R. Civ. P. Ann. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* quoting *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Id.* quoting *Twombly* at 555.

Conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019), cert. denied sub nom. *Inclusive Communities*

*Project v. Lincoln Prop. Co.*, No. 19-497, 2020 WL 1325844 (U.S. Mar. 23, 2020), citations omitted.

Even if Plaintiff has standing, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint contains only vague and conclusory allegations, without specific and well-pleaded facts, and formulaic recitations of language from the ADA.

Plaintiff does not allege facts sufficient to state a claim that is plausible on its face or that, when assumed true, raise a right to relief above the speculative level. Plaintiff's allegations of visiting the subject Property on an unspecified date in October 2021, and that he vaguely "desires" or intends to visit the subject Property at some unspecified future date does not state a claim to support his request for a declaration that Gator violated federal law or support a request for an injunction requiring Gator to make updates or repairs. Plaintiff's allegations are conclusory and speculative, and he cannot meet his burden of establishing a real or immediate threat of future injury or adverse affect. Notably, Plaintiff generally refers to buildings where a Cici's Pizza, Pet Grooming, Metro PCS, Wash & Dry, and Sunnyland Outdoor Living are located within Spring Valley Crossing Shopping Center at 14221 Coit Road, Dallas, Texas 75254. (*Doc. 1 Complaint, ¶14*). To the extent determinable based on these vague assertions, Gator does not own the property there and thus is unable to address any alleged ADA violations at those locations.

14

For these reasons, Plaintiff's Complaint fails to meet its burden and fails to state a claim upon which relief can be granted, and removal of the barriers is not readily achievable. Consequently, Plaintiff's claims should be dismissed for failure to state a claim.

## PRAYER

Defendant Gator Spring Valley Partners LLLP prays that this Honorable Court dismiss all of Plaintiff's claims against it under Rule 12(b)(1) and 12(b)(6) for the reasons set forth herein without leave to amend, and grant such further relief as the Court deems just and proper.

Dated: January 12, 2022                     Respectfully submitted,

WILSON, CRIBBS & GOREN, P.C.

By: ____/s/ Scot Clinton_____
     Scot Clinton
     Attorney-in-Charge
     Texas Bar No. 24045667
2500 Fannin Street
Houston, Texas 77002
Telephone: (713) 222-9000
Facsimile: (713) 229-8824
Email: sclinton@wcglaw.com

ATTORNEYS FOR DEFENDANT
GATOR SPRING VALLEY
PARTNERS LLLP

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2022, a true and correct copy of the above and foregoing was filed on the CM/ECF system and served to all counsel of record via electronic notices, facsimile, and/or U.S. Postal Mail in compliance with the Federal Rules of Civil Procedure.

Louis I Mussman
Ku & Mussman PA
18501 Pines Boulevard Ste 209-A
Pembroke Pines, FL 33029
Fax: 954-686-3976
Email: louis@kumussman.com
*Attorney for Plaintiff Juluke*

Gerald J Smith, Sr
Law Office of GJ Smith Sr PLLC
3901 Arlington Highlands Blvd
Ste 200
Arlington, TX 76018
Fax: 817-635-3104
Email: attorney@gjsmithlaw.com
*Attorney for Plaintiff Juluke*

Richard M. Hunt
Hunt Huey PLLC
333 Lee Parkway, Suite 600
Dallas, Texas 75219
Email: rhunt@hunthuey.com
*Attorneys for Defendant Sunnyland*

      */s/ Scot Clinton*
       Scot Clinton

16