UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES JOSEPH JULUKE, JR., )
an individual, )
 )
    Plaintiff, )   Case No.:   3:21-cv-02900-E
v. )
 )
SUNNYLAND PROPERTIES, LTD., )
a Texas Limited Partnership, )
 )
and )
 )
GATOR SPRING VALLEY PARTNERS, LLLP, )
a Florida Limited Partnership, )
 )
    Defendants. )
_____ )

## FIRST AMENDED COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR. through his undersigned counsel, hereby files this Complaint and sues SUNNYLAND PROPERTIES, LTD., a Texas Limited Partnership and GATOR SPRING VALLEY PARTNERS, LLLP, a Florida Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendants' Property, which is the subject of this action, is located in Dallas County, Texas.

3. Plaintiff, JAMES JOSEPH JULUKE, JR. (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of Carrollton, Texas within Tarrant County.

4. MR. JULUKE is a qualified individual with a disability under the ADA. In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae. Consequently, MR. JULUKE is a paraplegic and is disabled.

5. MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6. Defendant, SUNNYLAND PROPERTIES, LTD., a Texas Limited Partnership, (hereinafter referred to as "SUNNYLAND" or "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Spring Valley Crossing Shopping Center, generally located at 7879 Spring Valley Rd., Dallas, Texas 75254. The portion of the plaza owned by SUNNYLAND is referenced in Dallas Central Appraisal District property records as Parcel 008041000201C0000 and has a listed Adjusted Value/Price of $2,347,008 for tax purposes.

7. Defendant, GATOR SPRING VALLEY PARTNERS, LLLP, a Florida Limited Partnership, (hereinafter referred to as "GSVP" or "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Spring Valley Crossing Shopping Center, generally located at 14221 Coit Rd., Dallas, Texas 75254. The portion of the plaza owned by GSVP is referenced in Dallas Central Appraisal District property records as Parcel 008041000202A0000 and has a listed Adjusted Value/Price of

$3,721,064 for tax purposes. Together, the adjacent parcels owned by SUNNYLAND and GSVP make up the Spring Valley Crossing Shopping Center.

8. MR. JULUKE resides just under ten (10) miles from the Defendants' Property, which is a short fifteen (15) minute car ride away according to Google Maps.

9. MR. JULUKE regularly visits the North Dallas area where the Defendants' Property is located approximately twice a month because it is conveniently located just fifteen (15) minutes from his residence and it includes a wide variety are stores and restaurants that he enjoys, including the Property in question here. For example, the neighborhood also includes numerous large stores/shopping centers such as the Galleria Dallas, Target, Walmart, T.J. Maxx and many others where Plaintiff also regularly shops nearby.

10. All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

11. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this First Amended Complaint.

12. The Defendants' Property, a large retail shopping plaza with numerous stores and restaurants, is open to the public and provides goods and services to the public.

13. Plaintiff has visited many of the stores located at the Property, including in the sections owned by each Defendant named herein. For example, Plaintiff has shopped at and enjoys Church's Chicken, Aldeez Caribbean Restaurant, Cici's Pizza, El Rancho Supermercado, Paleteria San Marcos Ice Cream and Rent-A-Center, among others, during his previous visits to the Defendants' Property.

14. Plaintiff has attempted to utilize the goods and services offered at the Property and

has plans to return to the Property in the near future. Prior to filing the instant action, Plaintiff last visited the Property on September 28, 2021 and again on October 5, 2021. He has also visited the Property on several other occasions earlier in 2021.

15. During his October 5, 2021, visit, Plaintiff purchased food at the Church's Chicken restaurant and also browsed several of the other stores located throughout the Property. During another visit on September 28, 2021, Plaintiff shopped at the El Rancho Supermercado where he enjoys the cooked lunches and desserts.

16. However, during each of his visits, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

17. MR. JULUKE continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

18. Specifically, MR. JULUKE intends to return to the Defendants' Property in late March 2022, to celebrate a family member's birthday at the Aldeez Caribbean Restaurant. MR. JULUKE also intends to eat at the San Marcos Ice Cream store for dessert and shop at the El Rancho Supermercado on the same visit. MR. JULUKE also intends to continue to visit this Property several times a year because he enjoys the stores and restaurants located there and because it is conveniently located just fifteen (15) minutes away from his residence.

19. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.304 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access during his visits to the Property:

<u>SUNNYLAND PROPERTIES LTD section of the Property</u>:

  A. Plaintiff personally encountered/observed two (2) inaccessible disabled use parking spaces serving the Church's Chicken entrance due to a lack of any disabled signage and pavement in disrepair with large cracks and potholes causing slopes in excess of 1:48. These conditions made it difficult for Plaintiff to identify the designated disabled parking areas and made it difficult to transfer out of the vehicle due to the increased risk of a fall on the uneven pavement.

  B. Plaintiff personally encountered/observed an inaccessible curb ramp connecting the two (2) disabled use parking spaces with the entrance to Church's Chicken due to pavement in disrepair which is not flush with the bottom landing of the curb ramp and excessive slopes over 1:48 at the landing of the ramp.

  C. Plaintiff personally encountered/observed an inaccessible curb ramp near the entrance to Aldeez Restaurant due to excessive running slopes over 1:12 and uneven pavement. This condition made it more difficult for Plaintiff to maneuver his wheelchair over the ramps and increased his risk of a fall.

  D. Plaintiff personally encountered/observed an inaccessible sidewalk route between Canales Furniture and Miss Mango Fashions due to sidewalks with running slopes in excess of 1:20 and a rise of over six (6) inches, but a failure to provide handrails. This condition made it more difficult for Plaintiff to maneuver his wheelchair over the sidewalk

                ramp and increased his risk of a fall.

      E.      Plaintiff personally encountered/observed an inaccessible curb ramp serving the main entrance to Sunnyland Outdoor Living due to excessive side flare slopes of over 1:10. Additionally, the curb ramp to the left of the main entry near the side entrance similarly has steep side flare slopes over 1:10 and major disrepair at the bottom of the ramp. These conditions made it more difficult for Plaintiff to maneuver his wheelchair over these ramps and increased his risk of a fall.

      F.      Plaintiff personally encountered/observed an inaccessible curb ramp serving the Magic Coin Laundry entrance due to pavement in major disrepair, excessive running slopes over 1:12 and side flare slopes in excess of 1:10. These conditions made it more difficult for Plaintiff to maneuver his wheelchair over this ramp and increased his risk of a fall.

      G.      Plaintiff personally encountered/observed an inaccessible sidewalk route between Metro by T-Mobile and Pet Grooming due to running slopes in excess of 1:20 and a rise of over six (6) inches, but a failure to provide handrails. This condition made it more difficult for Plaintiff to maneuver his wheelchair over the sidewalk ramp and increased his risk of a fall.

<u>GATOR SPRING VALLEY PARTNERS, LLLP section of the Property</u>:

      A.      Plaintiff personally encountered/observed that several of the disabled use parking spaces near the El Rancho Supermercado have signage which is mounted too low (under 60 inches) where they are commonly

        obstructed by parked vehicles. This condition made it difficult for Plaintiff to identify the designated disabled parking areas.

B.     Plaintiff personally encountered/observed that two (2) of the disabled use parking spaces near San Marcos Ice Cream have signage which is mounted too low (under 60 inches) where they are commonly obstructed by parked vehicles. This condition made it difficult for Plaintiff to identify the designated disabled parking areas.

C.     Plaintiff personally encountered an inaccessible curb ramp serving suite 112 due to excessive running slopes over 1:12 and steep side flare slopes in excess of 1:10. These conditions made it more difficult for Plaintiff to maneuver his wheelchair over this ramp and increased his risk of a fall.

D.     Plaintiff personally encountered an inaccessible curb ramp serving the disabled use parking spaces near San Marcos Ice Cream due to excessive running slopes over 1:12 and steep side flare slopes in excess of 1:10. These conditions made it more difficult for Plaintiff to maneuver his wheelchair over this ramp and increased his risk of a fall.

E.     Plaintiff personally encountered an inaccessible curb ramp connecting the building including San Marcos Ice Cream (among others) with the public sidewalk and nearby bus stops on Coit Road due to excessive running slopes over 1:12 and steep side flare slopes in excess of 1:10. These conditions made it more difficult for Plaintiff to maneuver his wheelchair over the ramps and increased his risk of a fall.

   F. Plaintiff personally encountered an inaccessible sidewalk route between Leslie's Pool Supplies and Ameritax due to running slopes in excess of 1:20 and a rise of over six (6) inches, but a failure to provide handrails. This condition made it more difficult for Plaintiff to maneuver his wheelchair over the sidewalk ramp and increased his risk of a fall.

20. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said barriers be identified.

21. To date, these barriers and other violations of the ADA are readily achievable to remove yet still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  Moreover, it is clear that readily achievable barrier removal,[1] such as adding and/or raising the height of parking signs, patching cracks and potholes in disabled use parking spaces, remodeling curb ramps to have accessible slopes and adding handrails on sloped sections of sidewalk is not beyond the means of the Defendants in light of the combined valuation of the Property, per County records, at over six (6) million dollars.

22. Independent of his intent to return as a patron to the Property because of its

---

[1] 28 C.F.R. 36.304(b) states: Examples of steps to remove barriers include, but are not limited to, the following actions –

- (1) Installing ramps;
- (2) Making curb cuts in sidewalks and entrances;
  
  …
- (18) Creating designated accessible parking spaces…

convenient location and because he enjoys the stores and restaurants located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

23. Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendants.

24. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein. Moreover, but for the barriers to access discussed here, Plaintiff would frequent the Property more often.

25. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B. That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete

corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Respectfully Submitted,

By:   */s/ Louis I. Mussman*
      Louis I. Mussman
      Attorney-in-charge
      N.D. TX No. 597155FL
      Ku & Mussman, P.A.
      18501 Pines Boulevard, Suite 209-A
      Pembroke Pines, FL 33029
      Tel: (305) 891-1322
      Fax: (954) 686-3976
      Louis@KuMussman.com

and

Gerald J. Smith, Sr.
Texas Bar No.: 24039316
Law Office of G. J. Smith, Sr., PLLC
3901 Arlington Highlands Blvd., Suite 200
Arlington, TX 76018
Tel: (817) 635-3100
Fax: (817) 635-3104
attorney@gjsmithlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will forward a true and correct copy of such filing to all counsel of record.

By:   */s/ Louis I. Mussman*
      Louis I. Mussman

11